### NIAGARA FALLS CIDER & VINEGAR CO. *v.* KNELL.

*(Superior Court of Buffalo, Special Term.* February 2, 1891.)

PLEADING—AMENDED ANSWER—ADDITIONAL DEFENSE.

> In an action on a note, the answer alleged that plaintiff delivered cider to defendant under an agreement that he was to pay plaintiff when it was resold, defendant in the mean time to store and take care of it, the title to remain in plaintiff; that the cider had not been resold; and that the note was given for plaintiff's accommodation, and was not to be paid unless the cider was resold. *Held,* that an amended answer, in substance the same as the original, except that by way of "set-off or recoupment" it alleged that, owing to plaintiff's delay in refusing to take back the cider, plaintiff was indebted to defendant in a certain sum for storing and caring for it, set up no additional matter of defense, and no valid counter-claim, and should be stricken out as sham, since plaintiff was entitled to a reasonable time after notice in which to remove the cider, and no time was alleged when defendant offered it back.

Action by the Niagara Falls Cider & Vinegar Company against Lewis Knell. Plaintiff moves to strike out the amended answer as sham.

*Wm. C. Fitch,* for plaintiff. *O. C. De Witt,* for defendant.

TITUS, J. The complaint alleges the giving of a note by the defendant, on August 19, 1890, to the plaintiff for $98, payable in two months from date; that the note was not paid at maturity; and that the whole amount is now due. The answer does not deny the making of the note, but alleges that the plaintiff delivered to him a quantity of cider under the agreement that he was

to pay the plaintiff when the cider was sold, and in the mean time the defendant was to store and take care of the cider until it was sold, and that the title should remain in the plaintiff; that the cider has not been sold, and therefore nothing is due the plaintiff. It is further claimed that the note was given for the accommodation of the plaintiff, and was not to be paid unless he sold the cider, which he alleges he has not done. The amended answer of the defendant is, in substance, the same as the original answer down to the sixth paragraph, in which the defendant alleges by way of "set-off or recoupment" that, owing to the plaintiff's delay in refusing to take back the cider, the plaintiff has become indebted to him in the sum of $60 for storing and caring for it while it remained in the possession of the defendant, and demands judgment against the plaintiff for that sum, with costs. The plaintiff's counsel claims that no new cause of action is set up by the amended answer, and that the counter-claim cannot be maintained as a matter of law, and that it is for the purpose of delay. I am inclined to think that the plaintiff's counsel is correct in this view, and that the answer should be stricken out as sham, under the provisions of section 538 of the Code of Civil Procedure. In both of the defendant's answers he alleges that he was to store and take care of the cider until it was sold, at which time it was to be paid for. He does not name any time when he offered the cider back to the plaintiff, or that he has unreasonably neglected to take it away. In a contract, when the property is to remain with the prospective buyer until such time as he shall sell it before he is liable to pay, and in the mean time the title remaining in the seller, the seller is entitled to a reasonable time after notice to remove his property before there is any liability to the purchaser for storage. This must necessarily be so, otherwise a cause of action might exist against a party without his fault, or without giving him an opportunity to remove his property. This would be unjust to an innocent party, and should not be allowed. It therefore seems to me that the amended answer sets up no additional matter of defense, and no legal and proper statement of a counter-claim against the plaintiff. The motion to strike out the amended answer is granted, with $10 costs to the plaintiff, to abide the event of the action.